HANSON BRIDGETT LLP
STEFAN R. CHACÓN, SBN 268647
SChacon@hansonbridgett.com
CAITLIN PHELPS, SBN 352132
cphelps@hansonbridgett.com
500 Capitol Mall, Suite 1500
Sacramento, California 95814
Telephone:     (916) 442-3333
Facsimile:     (916) 442-2348

Attorneys for Defendant Anesthesia and
Analgesia Medical Group, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| CHARLES R. WILLIAMS, MD,<br><br>        Plaintiff,<br><br>        v.<br><br>SANTA ROSA MEMORIAL HOSPITAL (hereinafter, SRMH); aka Providence Santa Rosa Memorial Hospital, et al.<br><br>        Defendants. | Case No. 3:25-cv-06118-SI<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV P. 12(B)(6)**<br><br>Date:     June 26, 2026<br>Time:     10:00 a.m.<br>Crtrm.:   Zoom<br><br>Judge:    Susan Illston, Ctrm 1, 17th Fl. |

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ......................................................................................................... 1

II. LEGAL ARGUMENT ................................................................................................. 1

    A.  Plaintiff Abandons COAs 3, 12, 13 and 18-22 in His Opposition, and Dismissal Without Prejudice is Warranted as to Those Claims. ............................... 1

    B.  COAs 1 and 14-17 are Time-Barred on the Face of the SAC, and This Defect Cannot Be Cured by a *Third* Amendment of the Complaint. ......................... 3

    C.  COAs 1, 9-11, 14-17, and 19-22 are Legally Barred by the Litigation Privilege and Statutory Immunity, and Amendment Cannot Cure this Defect. .................................................................................................................... 5

        1.  Plaintiff Cannot Plead Around the Absolute Litigation Privilege Under Civil Code § 47. .................................................................................. 5

        2.  Federal and State Statutes Support Immunity for Reporting by Health Care Entities ................................................................................... 6

    D.  Plaintiff's Opposition Does Not Adequately Address the Multiple Additional Grounds for Dismissal of Each and Every COA Under FRCP 12(b)(6). ............................................................................................................... 7

        1.  COA 1 – Violation of Cal. Health and Safety Code § 1278.5 ...................... 7

        2.  COAs 2 and 4 – Fourteenth Amendment (42 U.S.C. § 1983) and Whistleblower/Outsider Animus Theory (42 U.S.C. § 1985(3)) ................... 8

        3.  COAs 5-8 – Antitrust Violations.................................................................. 9

        4.  COAs 9-11 – Tortious Interference with Business Relations, Tortious Interference with Employment, Trade or Profession, and Negligent Interference with Prospective Economic Advantage ................. 10

        5.  COAs 14-17 – Defamation, Defamation Per Se, Slander, and Libel .......... 11

    E.  No Amendment Will Cure the Numerous Defects of the SAC ............................... 12

    F.  Summary of Grounds for Dismissal ....................................................................... 13

III. CONCLUSION ......................................................................................................... 15

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV P. 12(B)(6)

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Am. Pro Testing Serv. Inc. v. Harcourt Brace Jovanovich Legal & Pro. Publ'ns,*
*Inc.* 108 F.3d 1147 (9th Cir. 1997) ....................................................................... 10

*Bonni v. St. Joseph Health System,*
83 Cal.App.5th 288 (2022) ......................................................................... 5, 6, 7, 11

*Citizens for Free Speech, LLC v. Cnty. of Alameda,*
338 F. Supp. 3d 995 (N.D. Cal. 2018), *aff'd,* 953 F.3d 655 (9th Cir. 2020) ............... 2

*Conerly v. Westinghouse Elec. Corp.,*
623 F.2d 117 (9th Cir. 1980) ............................................................................... 3

*Conservation Force v. Salazar,*
677 F.Supp.2d 1203 (N.D. Cal. 2009), *aff'd,* 646 F.3d 1240 (9th Cir. 2011) ............ 2

*In re Fritz Companies Sec. Litig.,*
282 F. Supp. 2d 1105 (N.D. Cal. 2003) ............................................................... 12

*Hoang v. Bank of America, N.A.,*
910 F.3d 1096 (9th Cir. 2018) ............................................................................... 4

*Kirtley v. Rainey,*
326 F.3d 1088 (9th Cir. 2003) ............................................................................... 9

*Lugar v. Edmonson Oil Co., Inc.,*
457 U.S. 922 (1982) ............................................................................................. 9

*Mariscal v. Graco, Inc.*
52 F.Supp.3d 973 (N.D. Cal. 2014) ...................................................................... 2

*Miller v. Lakeside Vill. Condo. Assn.*
(1991) 1 Cal. App. 4th 1611 ................................................................................. 4

*Oltz v. St. Peter's Cmty. Hosp.,*
861 F.2d 1440 (9th Cir. 1988) ............................................................................. 10

*Pace Industries, Inc. v. Three Phoenix Co.,*
813 F.2d 234 (9th Cir. 1987) ............................................................................... 4

*Pinhas v. Summit, Ltd.,*
894 F.2d 1024 (9th Cir. 1989), *aff'd,* 500 U.S. 322 (1991) ...................................... 9

*Pizana v. SanMedica International, LLC,*
345 F.R.D. 429 (E.D. Cal. 2022) ......................................................................... 12

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV P. 12(B)(6)

*Ramalingam v. Thompson,*
151 Cal. App. 4th 491, 60 Cal. Rptr. 3d 11 (2007), *as modified on denial of reh'g* (May 29, 2007) ....................................................................................................... 5

*Rhee v. El Camino Hosp. Dist.,*
201 Cal.App.3d 477 (1988) ......................................................................................... 9

*Samsung Elecs. Co. v. Panasonic Corp.,*
747 F.3d 1199 (9th Cir. 2014) ..................................................................................... 4

*Stiles v. Walmart, Inc.,*
639 F.Supp.3d 1029 (E.D. Cal. 2022) ....................................................................... 10

*Velente-Hook v. Eastern Plumas Health Care,*
368 F.Supp.2d 108 (E.D. Cal. 2005) ........................................................................... 8

**Statutes**

15 U.S.C. § 1 ...................................................................................................................... 13

15 U.S.C. § 2 ...................................................................................................................... 13

15 U.S.C. § 15 .................................................................................................................... 13

18 U.S.C. § 1962(c) ....................................................................................................... 2, 13

42 U.S.C. § 1983 ............................................................................................................ 8, 13

42 U.S.C. § 1985(3) ....................................................................................................... 8, 13

42 USC § 11137(c) .............................................................................................................. 7

Business & Professions Code § 805(b) ............................................................................... 7

Business & Professions Code § 805(j) ............................................................................. 6, 7

Civil Code § 43.8 ................................................................................................................. 6

Civil Code § 47 ....................................................................................................... 1, 5, 6, 11

Health & Safety Code § 1278.5 ................................................................................ 3, 7, 8, 13

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ............................................................................. 7

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV P. 12(B)(6)

## I.    INTRODUCTION

Each and every cause of action alleged against AAMGI in Plaintiff's sweeping Second Amended Complaint (SAC) is legally barred on one or more grounds[1] which cannot be cured by amendment.  In his Opposition, Plaintiff abandons eight causes of action (COAs 3, 12, 13, & 18-22) by failing to respond to the arguments raised in AAMGI's Motion to Dismiss.  Five other causes of action (COAs 1 & 14-17) are barred by a one-year statute of limitations, and, despite attempts to argue delayed accrual, the dispositive dates are set forth on the face of the SAC.  Thirteen causes of action (1, 9-11, 14-17 & 19-22)—including all of Plaintiff's defamation claims—are based on AAMGI's allegedly false reporting to the Medical Board of California, and are therefore absolutely privileged under Civil Code § 47, which applies to communications made in the course of peer review proceedings.

In addition to these threshold legal barriers, several more of Plaintiff's causes of action must be dismissed for failure to state a claim on multiple grounds.  Plaintiff's employment and contractual claims (COAs 12, 18 & 21) fail because there is no alleged employment or contractual relationship.  His Constitutional claims (COAs 2 & 4) fail because AAMGI is not a state actor, and there is no allegation of coordination with any state actor.  His anti-trust claims (COAs 5-8) fail because the SAC alleges harms to a single individual, and not a market-level action envisioned by the statutes.  Plaintiff has already amended his complaint twice, adding more allegations, more parties, and more causes of action.  In his Opposition Plaintiff insists that any defects in his SAC can be cured by a *fourth* attempt to plead his case; however, given the multiple, overlapping grounds for dismissal, amendment would be futile, and all causes of action in the Second Amended Complaint should be dismissed with prejudice.

## II.    LEGAL ARGUMENT

### A.    Plaintiff Abandons COAs 3, 12, 13 and 18-22 in His Opposition, and Dismissal Without Prejudice is Warranted as to Those Claims.

Plaintiff makes no attempt to save eight of the causes of action that AAMGI addressed in

---

[1] For the Court's convenience, a table with a summary of grounds for dismissal as to every COA is set forth at pp. 13-14, below.

its Motion to Dismiss, and those claims must be dismissed with prejudice.  This Court has repeatedly recognized that "[w]here plaintiffs fail to provide a defense for a claim in opposition, the claim is deemed waived." *Conservation Force v. Salazar*, 677 F.Supp.2d 1203, 1211 (N.D. Cal. 2009), *aff'd*, 646 F.3d 1240 (9th Cir. 2011); see also *Citizens for Free Speech, LLC v. Cnty. of Alameda*, 338 F. Supp. 3d 995, 1005 (N.D. Cal. 2018), *aff'd,* 953 F.3d 655 (9th Cir. 2020) ("By failing to respond to the [defendant's] contention, Plaintiffs have effectively conceded its validity"); *Mariscal v. Graco, Inc.* 52 F.Supp.3d 973, 984 (N.D. Cal. 2014) ("Plaintiff failed to address these arguments in his opposition brief, and therefore conceded these claims.")

Plaintiff wholly abandons COA 3 (RICO – 18 U.S.C. § 1962(c)), conceding this statutory claim and with it the underlying theory that AAMGI was engaged in some concerted wrongful scheme against him.  This COA, which imposes a heightened pleading requirement (*see* Dkt. No. 27, p. 10) has been abandoned and can be dismissed with prejudice.

Plaintiff also failed to address AAMGI's arguments involving his employment-based claims for breach of the covenant of good faith and fair dealing (COA 12),  wrongful termination (COA 18) and the *Tameny* claim for violation of public policy (COA 21).  Plaintiff's abandonment of these claims is critical because it concedes that there was no employment relationship with AAMGI, despite repeated references by Plaintiff to some kind of "termination" by AAMGI as grounds for a number of his causes of action.  Because Plaintiff has not and cannot articulate what exactly AAMGI "terminated," the Court should disregard all such allegations in assessing the validity of any of Plaintiff's.  At a minimum, COAs 12, 18, and 21 can be dismissed without leave to amend on this basis alone.

Next, Plaintiff concedes his COAs sounding in negligence (13, 19), emotional distress (19, 20), and judicial deception (22).  As argued in the Motion, AAMGI had no independent legal duty running to Plaintiff, and Plaintiff likewise fails to argue any corresponding breach.  Plaintiff fails to argue that any of AAMGI's conduct was extraordinary or outrageous, or that he suffered any emotional distress as a result of negligence or intentional misconduct on the part of AAMGI. Finally, Plaintiff's abandonment of the "judicial deception" claim concedes that neither AAMGI nor any representative acting on AAMGI's behalf engaged in deceptive conduct with respect to

any judicial body or proceeding.  After COAs 3, 12, 13 and 18-22 were properly challenged by AAMGI, Plaintiff abandoned those causes of action in his Opposition, and should not be given any opportunity to raise arguments for the first time at oral argument.  All of those claims must therefore be dismissed with prejudice.

**B.     COAs 1 and 14-17 are Time-Barred on the Face of the SAC, and This Defect Cannot Be Cured by a *Third* Amendment of the Complaint.**

Plaintiff does not dispute that COAs 1 and 14-17 are subject to a one-year statute of limitations.  Instead, Plaintiff argues that the accrual of these COAs is a fact-dependent inquiry, not suitable at to resolve at the pleading stage. *See* Dkt. No. 48, p. 25.  However, the law is clear that dismissal based on expiration of the statute of limitations is proper on a 12(b)(6) motion where, as here, the running of the statute is apparent from the face of the complaint. *Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 119 (9th Cir. 1980) ("When the running of the statute is apparent from the face of the complaint, as it is in the present case, then the defense may be raised by a motion to dismiss.")

Here the Court can dismiss the following five COAs, all of which are subject to a one year statute of limitations: COA 1 (Violation of Health & Safety Code § 1278.5); COA 14 (Defamation); COA 15 (Defamation Per Se); COA 16 (Libel); and COA 17 (Slander).  Plaintiff alleges the discrete actions and dates of occurrence for each cause of action, unequivocally establishing that these COAs accrued well outside the one-year statutes of limitations. *See* Dkt. No. 27, pp. 4-5. The basis of COA 1 is Plaintiff's alleged "termination" by AAMGI, which he asserts occurred on July 20, 2023. SAC, ¶¶ 70, 112, 152, 178. The basis for COAs 14-17 is AAMGI's submission of the allegedly false 805 report the Medical Board of California, which he alleges occurred on August 8, 2023. SAC, ¶¶ 120, 161, 187, 255.  Any available cause of action based on these events occurred at that time, and expired one year later, well before Plaintiff filed the initial complaint against AAMGI and the other defendants on July 21, 2025. *See* Dkt. No. 1.

Plaintiff's arguments for tolling, delayed discovery, or continuing and repeated injury are unavailing for multiple reasons. First, Plaintiff claims that "each overt act that injures the plaintiff" may restart the limitations period *for antitrust claims*. *See* Dkt. No. 48, p. 25. AAMGI does not

3

assert that Plaintiff's antitrust claims are time-barred. However, to the extent that Plaintiff intends this argument to extend to COAs 1 and 14-17, it still fails. "[T]o state a continuing violation… a plaintiff must allege that a defendant completed an overt act during the limitations period that meets two criteria: 1) It must be "a new and independent act that is not merely a reaffirmation of a previous act; and 2) it must inflict new and accumulating injury on the plaintiff." *Samsung Elecs. Co. v. Panasonic Corp.*, 747 F.3d 1199, 1203 (9th Cir. 2014), citing *Pace Industries, Inc. v. Three Phoenix Co.*, 813 F.2d 234, 238 (9th Cir. 1987). As argued in the Motion and above, the basis for Plaintiff's claims against AAMGI are (1) an alleged "termination" on June 20, 2023, and (2) an allegedly false report submitted by AAMGI on August 8, 2023.  These are both one-time events, and Plaintiff does not allege any new and independent act by AAMGI that would restart the clock for tolling purposes. See *Miller v. Lakeside Vill. Condo. Assn.* (1991) 1 Cal. App. 4th 1611, 1622 ("[t]he longstanding rule in California is that a single tort can be the foundation for but one claim for damages. . . . [a]ccordingly, if the statute of limitations bars an action based upon harm immediately caused by defendant's wrongdoing, a separate cause of action based on a subsequent harm arising from that wrongdoing would normally amount to splitting a cause of action.")

Next, Plaintiff argues that "delayed discovery" is a fact-intensive doctrine that cannot be resolved by a 12(b)(6) motion. While this may be true as a general proposition of law, it has no bearing in this case because Plaintiff does not allege any delay in the discovery of his "termination" by AAMGI or in AAMGI's allegedly false 805 report to the Medical Board of California. Plaintiff fails to allege that AAMGI concealed any facts, let alone facts that delayed Plaintiff's discovery of the termination or the false report. To the contrary, the allegations in the SAC make clear that Plaintiff was aware of alleged wrongs against him immediately upon his "termination." SAC, ¶ 70; *see Miller*, supra, 1 Cal. App. 4th at 1622 ("the limitations period begins to run, under the traditional view, as soon as the plaintiff is aware of any harm, however slight.) Thus, the delayed discovery doctrine does not toll any statute of limitations as to AAMGI.

Accordingly, COAs 1 and 14-17 are time-barred on the face of the complaint, and Plaintiff cannot cure his defect by amendment. *Hoang v. Bank of America, N.A.*, 910 F.3d 1096, 1103 (9th Cir. 2018) ("leave to amend need not be granted when 'any amendment would be an exercise in

futility' . . . such as when the claims are barred by the applicable statute of limitations").

    **C.    COAs 1, 9-11, 14-17, and 19-22 are Legally Barred by the Litigation Privilege and Statutory Immunity, and Amendment Cannot Cure this Defect.**

        **1.    Plaintiff Cannot Plead Around the Absolute Litigation Privilege Under Civil Code § 47.**

COAs 1, 9-11, 14-17 and 19-22 are all state law claims based on AAMGI's alleged communication to the Medical Board of California, and are therefore subject to the Litigation Privilege, Civil Code § 47. Plaintiff correctly argues that the Litigation Privilege does not extend to noncommunicative conduct, but the crux of Plaintiff's claims and alleged injuries—AAMGI's submission of the "false" 805 report—is inherently tied to communicative conduct.  *See* Dkt. No. 48, p. 15; *see also* Dkt. No. 27, pp. 5-6. "To show that litigation privilege does not apply, the plaintiff must demonstrate that 'an independent, noncommunicative, wrongful act was the gravamen of the action…' [Citation.]" *Ramalingam v. Thompson*, 151 Cal. App. 4th 491, 503, 60 Cal. Rptr. 3d 11 (2007), *as modified on denial of reh'g* (May 29, 2007). Here, Plaintiff's claims against AAMGI are based on two allegations: that it wrongfully "terminated" him, and that it submitted a "false" report to the Medical Board of California.

Plaintiff seeks to avoid the reach of the Litigation Privilege by insisting that his COAs are based on noncommunicative conduct, focusing entirely on the purported "termination" and ignoring the 805 report. In the Opposition, Plaintiff correctly asserts that courts distinguish communicative acts from independent tortious conduct. *See* Dkt. No. 48, p. 15. However, as argued in the Motion and at Section A above, Plaintiff fails to allege any employment or contractual relationship with AAMGI, and thus nothing that could be "terminated" by AAMGI. *See* Dkt. No. 27, pp. 15-16. Because Plaintiff fails to meet this threshold element for multiple COAs, he alleges no independent, noncommunicative and tortious act that could plausibly defeat the Litigation Privilege.

Moreover, the gravamen of Plaintiff's claims from which all of his damages flow is the clearly communicative act of submitting an 805 report. *See, e.g.*, SAC, ¶¶ 251-53, 314-16, 318-23, 325-30, 352-53, 358-363, 370-72, 395-99, 404-07, 413-415, and 420-23. Under *Bonni v. St. Joseph Health System*, 83 Cal.App.5th 288 (2022), reporting peer review actions to government

authorities is part of the peer review process, which falls within the scope of Civil Code § 47. *Bonni*, 83 Cal.App.5th at 302 (a retaliation claim based on a facility's "communication of [physician's] suspension to the relevant authorities… is an inherently communicative act."). The vast majority of Plaintiff's alleged injury stems from AAMGI's submission of the 805 report: "past lost income, lost earning capacity, lost locum tenens and hospital-based anesthesia opportunities, reputational harm, emotional distress, credentialing injury, and antitrust injury." *See* Dkt. No. 48, p. 26. Such damages do not flow directly from "termination," especially where Plaintiff fails to show any sort of employment or contractual relationship that could be terminated. Instead, these damages are attributable to AAMGI's alleged submission of the "false" 805 report which is decidedly communicative in nature and thereby absolutely privileged.

Lastly, Plaintiff asserts that Civil Code § 43.8 is a qualified immunity and therefore does not bar his claims. While it is true that § 43.8 is a qualified immunity, AAMGI did not assert any argument under § 43.8 in the moving papers. However, even if it did, § 43.8(b) specifically states, "The immunities afforded by this section and by Section 43.7 *shall not affect the availability of any absolute privilege that may be afforded by Section 47*" (emphasis added). This argument is therefore irrelevant and has no bearing on AAMGI's assertion of the Litigation Privilege.

In sum, the injuries Plaintiff claims in relation to COAs 1, 9-11, 14-17 and 19-22 are rooted in AAMGI's submission of an allegedly false 805 report. Given that this is communicative conduct, these claims are absolutely barred by the Litigation Privilege, and amendment of the SAC cannot cure this defect.

### 2. Federal and State Statutes Support Immunity for Reporting by Health Care Entities

While the Litigation Privilege provides complete immunity for any causes of action arising from AAMGI's report to the Medical Board of California, state and federal statutes provide further support for immunizing such reports, regardless of purported malicious intent. First, Business & Professions Code § 805(j) states that "[n]o person shall incur any civil or criminal liability as the result of making any report required by this section." Plaintiff argues that AAMGI's report was not "required," but based on his own allegation that he was "terminated,"

AAMGI's report would be mandatory under section 805(b)(2), which requires reporting by a peer review body within 15 days when "a licentiate's membership, staff privileges, or employment is terminated or revoked for a medical disciplinary cause or reason." Cal. Bus & Prof. Code § 805(b). The unqualified immunity of section 805(j) is consistent with the penalty provisions at sections 805(k) and (l). Thus, under California law alone, AAMGI is immune from liability for its mandatory report to the Medical Board of California, even accepting Plaintiff's assertion that the report contained false information and was filed with malicious intent.

Plaintiff argues that federal immunity under 42 USC § 11137(c) does not apply at the pleading stage because that immunity is qualified, and applies only to reports made "without knowledge of the falsity contained in the report." *See* Dkt. No. 48, p. 13. Because the SAC alleges such falsity, he argues, dismissal is not appropriate. *Id.* AAMGI acknowledges that Plaintiff generally alleges falsity of the 805 report. However, AAMGI maintains that Plaintiff has failed to allege, with required specificity, what aspects of the report filed by AAMGI were factually false. SAC, ¶¶ 120-24. Regardless, the Litigation Privilege and California statute provide *unqualified* immunity for AAMGI's 805 Report to the Medical Board, and this Court need not reach the application of the overlapping federal immunity. Moreover, because the Litigation Privilege applies to peer review communications (including reporting) regardless of malice, any amendment to articulate "falsity" or other malice would be futile. *Bonni,* 83 Cal.App.5th at 300-301 ("For purposes of applying the privilege, it is irrelevant whether the communications at issue were 'made with malice or intent to harm.'").

**D.      Plaintiff's Opposition Does Not Adequately Address the Multiple Additional Grounds for Dismissal of Each and Every COA Under FRCP 12(b)(6).**

**1.      COA 1 – Violation of Cal. Health and Safety Code § 1278.5**

In his Opposition, Plaintiff cites a number of allegations that he categorizes as protected activity, for which he claims he was the subject of retaliation. *See* Dkt. No. 48, p. 17. Upon a close reading of the SAC, however, it is apparent that Plaintiff has not alleged having made any patient safety complaints *to AAMGI* prior to the acts by AAMGI that he asserts constituted "retaliation." Thus, COA 1 still fails because Plaintiff does not adequately plead the foundational

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV P. 12(B)(6)

requirement of a § 1278.5 claim.  There are no allegations that Plaintiff made a patient safety or other report to AAMGI, nor does he allege AAMGI's knowledge of any such reporting prior to the alleged retaliatory act. *See, e.g.*, SAC, ¶ 72. In fact, Plaintiff actually pleads the contrary, stating that his "termination" occurred "without any review of the medical record, *without consultation with Plaintiff*, and without any factual basis" (emphasis added). SAC, ¶ 114. Regardless of Plaintiff's arguments about temporal proximity and the rebuttable presumption under § 1278.5, Plaintiff's allegations confirm that AAMGI did not consult with him before purportedly "terminating" him, nor does he otherwise allege that AAMGI had knowledge of any protected activity from any other source prior to its alleged adverse action. *Velente-Hook v. Eastern Plumas Health Care*, 368 F.Supp.2d 108, 1102 (E.D. Cal. 2005) ("Without knowledge of the plaintiff's complaints, the defendant could not retaliate against the protected whistleblowing activity.").

Furthermore, the specific actions Plaintiff alleges to satisfy the elements of a § 1278.5 claim make no reference to AAMGI at all. Plaintiff claims (1) he reported gross negligence without specifying who he reported to; (2) Defendants MEC and Kassis (not AAMGI) initiated summary suspension and sham peer review; and (3) the timing and pressure of the 2022 Providence Corporate Integrity Agreement established motive to silence Plaintiff. SAC, ¶ 72. These facts do nothing to support Plaintiff's claims against AAMGI, because these facts involve other parties. Plaintiff attributes the alleged retaliatory conduct solely to the MEC and Dr. Kassis (SAC, ¶ 72) and by his own telling the Providence CIA imposed intense institutional pressure on "SRMH peer review committees, medical staff leadership, and administration"—not on AAMGI. SAC, ¶ 39. As such, Plaintiff fails to allege sufficient facts to support COA 1 against AAMGI. Moreover, because COA 1 is also time-barred, amendment would be futile, and this COA should be dismissed with prejudice.

### 2.    COAs 2 and 4 – Fourteenth Amendment (42 U.S.C. § 1983) and Whistleblower/Outsider Animus Theory (42 U.S.C. § 1985(3))

Plaintiff does not plausibly plead that AAMGI is a state actor, nor that AAMGI participated in state action or coordinated action with a state actor, and nothing in the Opposition can explain this deficiency away.  In his Opposition Plaintiff ambiguously argues that AAMGI

participated in coordinated conduct with "hospital, medical staff, and regulatory-reporting actors." *See* Dkt. No. 48, p. 22. However, Plaintiff does not specify any "regulatory-reporting actors" that purportedly acted against him, let alone any coordination between any such entity and AAMGI. Even if the Court were to infers that the undefined "regulatory-reporting actors" are state actors, Plaintiff does not allege concerted action with or delegation of state authority to AAMGI. The only reference Plaintiff makes to potential state action is the allegation that AAMGI acted under the color of state law by submitting 805 reports. SAC, ¶ 254. As stated in the Motion, this is unavailing because the required submission of an 805 report "whenever an adverse action is taken against a doctor is irrelevant in determining whether the state took an active role" in the adverse action. *Pinhas v. Summit, Ltd.*, 894 F.2d 1024, 1034 (9th Cir. 1989), *aff'd*, 500 U.S. 322 (1991).

Furthermore, Plaintiff's case law does not support the contention that AAMGI acted under the color of state law or in conjunction with a state actor. The Supreme Court case of *Lugar v. Edmonson Oil Co., Inc.*, 457 U.S. 922 (1982) is not analogous because the disputed action was made by a clerk of the state, not a private citizen or private entity like AAMGI. *Kirtley v. Rainey*, 326 F.3d 1088 (9th Cir. 2003) similarly does not support Plaintiff's position and in fact is more supportive of AAMGI's argument. In *Kirtley*, the court found that a guardian ad litem (GAL) who "is appointed by a state actor, is paid by the state, and is subject to regulation by the state" is not a state actor because she acted as "an independent investigator… occup[ying] a role distinct from the court before which she advocates." *Id*. at p. 1095. Thus, a private entity like AAMGI that occupies an independent role as a peer review body with a duty to "its patients to insure the competence of its medical staff" cannot be considered a state actor without more. *Rhee v. El Camino Hosp. Dist.*, 201 Cal.App.3d 477, 501 (1988). Plaintiff fails to sufficiently allege that AAMGI is a state actor, or coordinated with any state actor, so these COAs must be dismissed for failure to state a claim.

### 3.    COAs 5-8 – Antitrust Violations

Plaintiff does not and cannot plead facts showing that AAMGI "excluded" anyone from the hospital-based anesthesia provider market other than himself. SAC, ¶¶ 286-87, 296-97. As established in the Motion, "[t]he exclusion of one competitor is evidence of 'antitrust injury' only

Case No. 3:25-cv-06118-SI

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV P. 12(B)(6)

if it is emblematic of some broader effect on the market, such as the exclusion of an 'entire class' of suppliers." *Stiles v. Walmart, Inc.*, 639 F.Supp.3d 1029 (E.D. Cal. 2022). Moreover, for claims under the Sherman Act, the Ninth Circuit "insist[s] on a preliminary showing of significant and more-than-temporary harmful effects on competition (and not merely upon a competitor or customer) before these practices can rise to the level of exclusionary conduct." *Am. Pro Testing Serv. Inc. v. Harcourt Brace Jovanovich Legal & Pro. Publ'ns, Inc.* 108 F.3d 1147, 1151 (9th Cir. 1997).

In the Opposition, Plaintiff attempts to revive the antitrust COAs by arguing that AAMGI's service contract with SRMH gave it "gatekeeping" control over anesthesia providers in the relevant market. *See* Dkt. No. 48, p. 23. However, as noted in the Motion, Plaintiff pleads no facts indicating that *other* locum tenens providers were excluded from the market by way of AAMGI's actions against him. *See* Dkt. No. 27, pp. 12-13. The mere existence of AAMGI's exclusive services contract, without more, does not satisfy the requirements to plead antitrust activity. Furthermore, Plaintiff's reliance on *Oltz v. St. Peter's Cmty. Hosp.*, 861 F.2d 1440, 1446-48 (9th Cir. 1988) does not support his position because the anti-competitive actions at issue in *Oltz* excluded an entire class of people—nurse anesthetists—from providing services in the relevant market. This is not the case here, where Plaintiff only alleges that *he* was "excluded" from the market. Even this argument does not form a plausible basis for an antitrust claim against AAMGI given that Plaintiff alleges AAMGI brought him into the relevant market in the first place just weeks earlier. SAC, ¶ 32. Therefore, these COAs must be dismissed and Plaintiff must not be given leave to amend because he does not and cannot plead facts sufficient to establish exclusionary or anticompetitive conduct by AAMGI.

**4.     COAs 9-11 – Tortious Interference with Business Relations, Tortious Interference with Employment, Trade or Profession, and Negligent Interference with Prospective Economic Advantage**

As set forth in the Motion to Dismiss, these COAs require Plaintiff to allege specific employment, business relations, or economic opportunities that were tortiously disrupted by AAMGI's alleged intentional acts. *See* Dkt. No. 27, p. 14.  In his Opposition, Plaintiff argues that his general allegations are sufficient, and, even if they are not, he should be given leave to amend

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV P. 12(B)(6)

in order to provide the requisite specificity. *See* Dkt. No. 48, p. 21.  Neither argument is availing. First, Plaintiff has had three chances to plead these claims, and has failed each time to meet the threshold requirement of alleging the specific opportunities that he has lost.  More importantly, Plaintiff's theory of "interference" rests entirely on his allegations that these unspecified business opportunities were disrupted—not by the alleged "termination"—but by the damaging information contained in the reports to the Medical Board of California. SAC, ¶¶ 314-16, 318-23, 325-30.  As argued in the Motion and again above at section II(C)(1), AAMGI's communications to the Medical Board are absolutely privileged under Civil Code § 47.  Thus, even if this Court were inclined to give Plaintiff another chance to meet the pleading requirements and explain the specific business opportunities he lost as a result of AAMGI's actions, any such amendment would be futile because AAMGI's report to the Medical Board is absolutely privileged.

### 5.    COAs 14-17 – Defamation, Defamation Per Se, Slander, and Libel

As discussed above in sections II(A), II(B)(1) and II(B)(2), these COAs are completely barred by the statute of limitations, the Litigation Privilege under Civil Code § 47, and state and federal immunities. Plaintiff does not dispute that these COAs are solely based on AAMGI's submission of the allegedly false 805 report, which is a purely communicative act made in connection with a peer review function, and thus absolutely privileged.  *See Bonni*, supra, 83 Cal.App.5th at 302.  In arguing that he satisfied the "publication" element of his defamation claims, Plaintiff cites ¶¶ 187-197, and 357-361. *See* Dkt. No. 48, p. 19.  Paragraphs 187-197 are the only allegations involving publication of false statements by AAMGI, and are focused exclusively on reports to the Medical Board of California.  *See* SAC ¶¶187-97.  Paragraphs 357-361 of the SAC are drawn from COA 15, which is not alleged against AAMGI or any AAMGI individual defendant. *Id.* at ¶¶ 357-61. Even if those paragraphs alleged false reporting by AAMGI, they clearly involve reports made in the course of peer review proceedings, subject to the Litigation Privilege.  Plaintiff cannot plead around the application of Civil Code § 47.  Moreover, Plaintiff does not dispute that these claims were subject to a one-year statute of limitations, nor does he plausibly argue that there was any delay in Plaintiff's discovery of the reports that would toll the limitations period.  Because his defamations claims are subject to two separate and

complete legal bars, amendment would be futile, and these COAs should be dismissed with prejudice.

### E.    No Amendment Will Cure the Numerous Defects of the SAC.

In his Opposition, Plaintiff argues that he should be given leave to amend to cure any deficiencies with the Second Amended Complaint. While the rules favor liberal amendment, amendment should not be granted (1) where Plaintiff has made multiple prior amendments without curing pleading defects and (2) where amendment would be futile. Both conditions are present here. As stated in the moving papers, Plaintiff's SAC is a gross violation of Rule 8's requirements for a short, plain statement, and yet paradoxically fails to plead essential elements for a number of claims. In his Opposition Plaintiff fails to explain or justify the excessive length and prolixity of the SAC, instead arguing that a very simple chronology of actionable conduct can be gleaned from within the 400-plus paragraph pleading. *See* Dkt. No. 48, p. 10. As to AAMGI, there are only two specific actions alleged by Plaintiff: the "termination" and submission of the "false" 805 report. All remaining allegations of wrongful conduct involve other parties. *See, e.g.*, ¶¶ 72, 78, 87-88, 97, 101-102, 107, and 125. Elsewhere Plaintiff attributes various actions to an undefined group of "defendants," wholly failing to apprise AAMGI of any further grounds for his claim against it. *See, e.g.,* SAC, ¶¶ 132, 277, 320, 327, 359, 370.

After three iterations of the complaint, the foregoing pleading deficiencies would be sufficient grounds for this Court to deny Plaintiff's request for a fourth bite at the apple. *Pizana v. SanMedica International, LLC*, 345 F.R.D. 429, 483 (E.D. Cal. 2022) (history of "repeated failures to cure pleading deficiencies" weighs against granting leave to amend). However, the Court need not reach that determination, because amendment in this case would be futile. AAMGI has set forth multiple independent and overlapping grounds for dismissal as a matter of law as to each and every cause of action in the SAC. "The general rule that parties are allowed to amend their pleadings does not apply to actions in which the amendment would be an exercise in futility, or in which the amended complaint would also be subject to dismissal." *In re Fritz Companies Sec. Litig.*, 282 F. Supp. 2d 1105, 1111 (N.D. Cal. 2003). As discussed above and in the moving papers, many of Plaintiff's claims are barred by the statute of limitations, litigation

privilege, and state and federal immunities. Plaintiff further fails to address multiple COAs in the Opposition, which therefore must be deemed conceded and abandoned.  The only COAs not barred or conceded nevertheless fail because the facts as alleged require dismissal as a matter of law, or foundational elements are not alleged.  AAMGI should not be subjected to a fourth version of the complaint, and Plaintiff should not be allowed to advance contradictory and brand new allegations to avoid the implications of the SAC as pled.  Dismissal without leave to amend is warranted in this case.

### F.    Summary of Grounds for Dismissal

Due to the number of COAs in the SAC, and the fact that many COAs are subject to multiple grounds for dismissal, AAMGI submits the following summary table for the Court's reference:

| COA | Summary of Grounds for Dismissal |
|---|---|
| 1 (Health & Safety Code § 1278.5) | • Litigation privilege<br>• Statute of limitations<br>• No allegation of patient safety reports by Plaintiff to AAMGI prior to action |
| 2 (14th Amendment Violation – 42 U.S.C. § 1983) | • No allegation of state action or coordination with state actor |
| 3 (RICO – 18 U.S.C. § 1962(c)) | • Abandoned<br>• No allegation of concerted wrongful scheme against Plaintiff |
| 4 (Whistleblower/Outsider Animus – 42 U.S.C. § 1985(3) | • No allegation of state action or coordination with state actor |
| 5 (Antitrust Violation) | • Litigation privilege<br>• No allegation of exclusion of any other anesthesia provider besides Plaintiff |
| 6 (Conspiracy to Restrain Trade - 15 U.S.C. §§ 1, 15) | • Litigation privilege<br>• No allegation of exclusion of any other anesthesia provider besides Plaintiff |
| 7 (Conspiracy to Monopolize – 15 U.S.C. §§ 2, 15) | • Litigation privilege<br>• No allegation of exclusion of any other anesthesia provider besides Plaintiff |
| 8 (Refusal to Deal/Essential Facilities - 15 U.S.C. §§ 2, 15) | • Litigation privilege |

13

| | |
|---|---|
| | • No allegation of exclusion of any other anesthesia provider besides Plaintiff |
| 9 (Tortious Interference with Business Relations) | • Litigation privilege<br>• No allegation of AAMGI's interference with any third-party contract |
| 10 (Tortious Interference with Employment, Trade or Profession) | • Litigation privilege<br>• No allegation of AAMGI's interference with any third-party contract |
| 11 (Negligent Interference with Prospective Economic Advantage) | • Litigation privilege<br>• No allegation of AAMGI's interference with any third-party contract |
| 12 (Breach of Covenant of Good Faith and Fair Dealing) | • Abandoned<br>• No allegation of employment or other contractual relationship with AAMGI |
| 13 (Negligence) | • Abandoned<br>• No allegation of AAMGI's duty to Plaintiff or breach of duty |
| 14 (Defamation) | • Litigation privilege<br>• Statute of limitations |
| 15 (Defamation Per Se) | • Litigation privilege<br>• Statute of limitations |
| 16 (Slander) | • Litigation privilege<br>• Statute of limitations |
| 17 (Libel) | • Litigation privilege<br>• Statute of limitations |
| 18 (Wrongful Termination) | • Abandoned<br>• No allegation of employment relationship with AAMGI |
| 19 (IIED) | • Abandoned<br>• Litigation privilege<br>• No allegation of extreme or outrageous conduct by AAMGI |
| 20 (NIED) | • Abandoned<br>• Litigation privilege<br>• No allegation of AAMGI's duty to Plaintiff or breach of duty |
| 21 (*Tameny* Claim) | • Abandoned<br>• Litigation privilege |

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV P. 12(B)(6)

| | |
|---|---|
| | • No allegation of employment relationship with AAMGI |
| 22 (Judicial Deception) | • Abandoned<br>• Litigation privilege |

## III.   CONCLUSION

Based on the foregoing, AAMGI reiterates its request for the Court to grant its Motion to Dismiss, dismissing the Second Amended Complaint without leave to amend.

DATED:  May 18, 2026                                    HANSON BRIDGETT LLP

By: _____
STEFAN R. CHACÓN
CAITLIN PHELPS
Attorneys for Defendant Anesthesia and Analgesia
Medical Group, Inc.

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV P. 12(B)(6)