UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

United States District Court
Northern District of California

CHARLES R. WILLIAMS,

Plaintiff,

v.

SANTA ROSA MEDICAL HOSPITAL, et al.,

Defendants.

Case No. 25-cv-06118-SI

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

Re: Dkt. No. 69

On June 26, 2026, the Court granted defendant Anesthesia and Analgesia Medical Group ("AAMGI's") motion to dismiss plaintiff Charles R. Williams's second amended complaint ("SAC") (Dkt. No. 19). Dkt. No. 55. Plaintiff's four defamation claims were dismissed without leave to amend. *Id.*[1]

Now before the Court is plaintiff's motion for reconsideration of the Court's order dismissing those claims. Dkt. No. 69 ("Mot."). AAMGI filed an opposition brief on August 24, 2026. Dkt. No 70 ("Opp'n"). The Court deems this motion suitable for disposition without oral argument pursuant to Civil Local Rule 7-9(d). For the reasons set forth below, the Court DENIES plaintiff's motion.

**BACKGROUND**

This action was filed on July 21, 2025. Plaintiff's SAC alleged three publications to support his defamation claims. First, plaintiff alleged that defendants AAMGI, Shea Aiken, M.D., and Colin

[1] Plaintiff brought his "Fourteenth Cause of Action – Defamation", "Sixteenth Cause of Action – Libel", and "Seventeenth Cause of Action – Slander" against "all Defendants." SAC ¶¶ 350, 367, 375. Plaintiff's "Fifteenth Cause of Action – Defamation Per Se" was brought only against "defendant [Santa Rosa Medical Hospital] and Defendant's Medical Staff." *Id.* ¶ 357.

Bauer, M.D., "filed a false and deceptive Health Facility/Peer Review (805.01) report" with the Medical Board of California on August 8, 2023, stating that plaintiff had "resigned from staff" and that plaintiff's patient care gave rise to "serious concerns." SAC ¶¶ 120-124. Second, plaintiff alleged that defendant Santa Rosa Memorial Hospital, acting through its Medical Executive Committee ("MEC"), filed a false "Title IV Clinical Privileges Action Report" with the National Practitioner Data Bank ("NPDB") on September 12, 2023, stating that plaintiff's privileges were restricted due to concerns about his competence and that the MEC relied upon an external expert review. *Id.* ¶¶ 167-171. Third, plaintiff alleged that on October 19, 2023, defendants Santa Rosa Memorial Hospital, Charles Kassis, and Ridgely Muller, M.D., filed "a second false 805.01 Health Facility/Peer Review Report" with the Medical Board of California that falsely portrayed plaintiff as the cause of a patient's death and alleged his incompetence. *Id.* ¶¶ 172-176. Only the August 8, 2023 report was attributed to defendant AAMGI.

Because the August 8, 2023 publication occurred more than a year before plaintiff filed his original complaint (Dkt. No. 1), the Court concluded that plaintiff's defamation claims against AAMGI were time-barred by California's one-year statute of limitations and dismissed claims 14-17 without leave to amend. *See* Dkt. No. 56; *see* also Cal. Code Civ. Proc. § 340(c). On July 31, 2026, plaintiff filed his third amended complaint ("TAC"). Dkt. No. 62.

**LEGAL STANDARD**

Plaintiff's current motion is one for reconsideration of the June 26, 2026 order dismissing claims 14-17 without leave to amend. Trial courts have inherent power to reconsider, set aside, or amend interlocutory orders at any time prior to entry of a final judgment. Fed. R. Civ. P. 54(b). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir.1999). A motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir.2000).

Under the Northern District of California's local rules, a motion for reconsideration may be made on three grounds: (1) a material difference in fact or law exists from that which was presented to the court, which, in the exercise of reasonable diligence, the moving party did not know at the time of the order for which reconsideration is sought; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the court to consider material facts or dispositive legal arguments. Civ. L.R. 7-9(b).

**DISCUSSION**

Plaintiff argues that his motion for reconsideration should be granted because the factual record now before the Court differs materially from the record on AAMGI's prior motion to dismiss. Mot. at 5. Specifically, on July 1, 2026, plaintiff obtained a copy of the August 8, 2023 report AAMGI submitted to the California Medical Board. Dkt. No. 69-1 ("Williams Decl.") ¶ 4. On July 15, 2026, plaintiff "obtained or reviewed" an updated NPDB [National Practitioner Data Bank] Report Disclosure History which identifies 164 health care entities that have queried the reports about plaintiff. *Id.* ¶¶ 5-6. The Disclosure History identifies five such queries that occurred within one year before plaintiff originally filed his action and seven such queries that occurred after this action was filed, the most recent occurring on June 26, 2026 – the same day this Court's dismissal order issued. *Id*. Plaintiff asserts the report submitted by AAMGI has been disclosed to each health care facility that queried his credential, causing him to lose employment opportunities. *Id.* ¶¶ 4,7-8. This, he argues, should cause the Court to reconsider its dismissal order.

Plaintiff relies primarily on *Oja v. U.S. Army Corps of Eng'rs,* 440 F.3d 1122 (9th Cir. 2006), a case not previously presented to the Court in plaintiff's briefing on AAMGI's motion to dismiss. The *Oja* case analyzes the "single publication rule," which provides generally that only one cause of action may be asserted for "any single publication or exhibition or utterance, such as any one issue of a newspaper or book or magazine or any one presentation to an audience or any one broadcast over radio or television or any one exhibition of a motion picture." Cal. Civ. Code § 3425.3; *see also*, *Youngevity Int'l, Corp. v. Smith*, 224 F. Supp. 3d 1022, 1027 (S.D. Cal. 2016), modified on reconsideration, No. 3:16-CV-00704-L-JLB, 2016 WL 7626585 (S.D. Cal. Dec.

9, 2016). "Under the single publication rule, a statement is generally considered published, and therefore the statute of limitations period generally begins to run, upon the first publication of the communication." *Youngevity Int'l*, 224 F. Supp. at 1027.

*Oja* held that the single publication rule does generally apply to publications on the internet. In doing so, however, *Oja* discussed and distinguished an unpublished state court opinion from Tennessee, concerning NPDB releases. That case, *Swafford v. Memphis Individual Practice Ass'n*, No. 02A01-9612-CV-00311, 1998 WL 281935 (Tenn. Ct. App. June 2, 199), held that the single publication rule did not apply where data "was released in response to an affirmative request by a hospital or other health care entity and the databank could be accessed only by certified health entities." 440 F.3d at 1133. Thus, plaintiff argues that each of the newer NPDB query responses constitutes its own publication with its own statute of limitations period. Plaintiff therefore seeks "narrow relief" modifying the Court's dismissal order "only to the extent it precludes Claims 14-16 based on later, recipient-specific disclosures of the challenged reports." Mot. at 2. Plaintiff requests leave to file an amended and supplemental complaint pleading the later transactions with particularity. *Id.*

AAMGI does not dispute that these newer query disclosures are separate publications. *See, generally,* Opp'n. Instead, AAMGI argues that plaintiff cannot meet the standard for a motion for reconsideration, largely because plaintiff does not allege any new facts or any change in controlling law that he could not have reasonably discovered prior to the June 26, 2026 order. Opp'n at 3. AAMGI also argues that the appropriate vehicle to advance new claims based on new allegations of recent disclosures is a motion for leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15, not a motion for reconsideration. *Id* at 4-5. Finally, AAMGI argues that the motion for reconsideration is futile because even claims based on the later disclosures are absolutely privileged by the litigation privilege and barred by Cal. Civ. Code § 47(b). *Id.* at 6.

The Court agrees with defendant that plaintiff's motion for reconsideration was improvidently filed, and should be denied: plaintiff does not seek to modify the Court's prior order as to the original 2023 publications, but rather to add allegations of later disclosures.

Moreover, treating the reconsideration motion as a request to file an amended complaint,

amendment would be futile. California's "litigation privilege confers an absolute privilege on communications made as part of a judicial or other 'truth-seeking' official proceeding. This includes communications made in connection with a medical peer review proceeding." *Dignity Health v. Mounts,* 105 Cal. App. 5th 113, 325 Cal. Rptr. 3d 678 (2024), reh'g denied (Oct. 8, 2024), review denied (Jan. 15, 2025). Even if not time-barred, claims based on the 2023 reports to the NPDB and the California Medical Board and the later publications in response to queries are absolutely barred by California's litigation privilege, such that "[plaintiff] cannot allege any tort claims based on these reports." *See Bonni v. St. Joseph Health Sys.*, 83 Cal. App. 5th 288, 301 (2022) ("*Bonni II*") (finding written statements to the California Medical Board and the NPDB concerning restrictions imposed on plaintiff for allegedly providing substandard care were absolutely privileged under Cal. Civ. Code 47, even if they were "improperly motivated"); *see also*, *Peterson v. Sutter Med. Found.,* No. 23-2911, 2025 WL 1823959, at *2 (9th Cir. July 2, 2025), cert. denied sub nom. *Peterson v. Sutter Bay Med.,* No. 25-1168, 2026 WL 1640848 (U.S. June 8, 2026). *Bonni II* emphasized that allowing such claims to proceed "would substantially defeat the purpose of the privilege and create an unnecessary chilling effect upon physicians and others who are desirous of upholding professional qualifications and protecting the public." *Id.* (internal citation omitted). *Bonni II* also explained that the litigation privilege is not limited to statements made during judicial or quasi-judicial proceedings but "may extend to steps taken prior thereto or afterwards." *Id.* at 300-01. Accordingly, the litigation privilege bars plaintiff's defamation claims against AAMGI. *Id.*[2]

///

[2] Plaintiff also cites an unpublished decision denying defendants' motion for summary judgment on Nevada state law defamation claims in a District of Nevada case in which it appears Charles Williams was also the plaintiff. *See Williams v. Univ. Med. Ctr. of S. Nev*., No. 2:09-CV-00554-PMP, 2010 WL 3001707 (D. Nev. July 28, 2010). In that case, plaintiff brought a constitutional due process claim, federal antitrust claims, and several Nevada state law claims against the University Medical Center of Southern Nevada and affiliated entities because plaintiff's medical staff privileges were suspended after he performed anesthesiology services for a renal transplant surgery and the patient experienced a complication. No. 2:09-CV-00554-PMP, Dkt. No. 1 (Mar. 23, 2009). Plaintiff's case proceeded to a jury trial and verdicts on the due process claim were entered in his favor. *Id.*, Dkt. Nos. 230-258 (May 26, 2011). Plaintiff opted not to pursue his defamation claims at trial. *See* Dkt. No. 138.

United States District Court
Northern District of California

## CONCLUSION

In sum, the Court DENIES plaintiff's motion for reconsideration of the June 26, 2026 order.

**IT IS SO ORDERED**.

Dated: September 1, 2026

SUSAN ILLSTON
United States District Judge